UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR06-245-JLR |
| Plaintiff, | |
| vs. | ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION |
| ALEXANDER MILMAN, | OF DETENTION ORDER |
| Defendant. | |

Defendant Alexander Milman moved for reconsideration of the Court's order revoking pretrial release. The Court finds the matter appropriate for decision without oral argument. For the reasons stated herein, the motion is DENIED.

Defendant Alexander Milman has been indicted for Health Care Fraud, Conspiracy to Launder Money, Money Laundering–Concealment (14 counts), Structuring and a Forfeiture claim. (Dkt. 1). The case arises out of the operation of A-Z Pharmacy in Bellevue, Tacoma and Kent, Washington and the allegations that defendant submitted fraudulent claims to Medicare for prescription drugs and medical supplies. His wife, Valentina Milman, a licensed pharmacist, is a co-defendant in the case.

After a detention hearing on July 14, 2006, defendant was placed on a temporary bond,

ORDER RE: DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
PAGE 1

pending investigation by Pretrial Services into the nature and circumstances of defendant's current employment in order to assess supervision. (Dkt. 7). While on pretrial release, the Grand Jury returned a Superceding Indictment, charging Alexander Milman and Valentina Milman for further criminal acts allegedly committed during their pretrial release. (Dkt. 28). The government moved to revoke the defendants' pretrial release. (Dkt. 30). Pretrial Services joined in the request.

A bond revocation hearing was held on September 12, 2006. (Dkt. 35). The Court found that the Superceding Indictment established probable cause that Mr. Milman committed a felony while on release, raising the rebuttable presumption that no conditions of release will reasonably assure the safety of the community or defendant's appearance. The evidence did not rebut that presumption. It was further found by clear and convincing evidence that defendant violated the conditions of pretrial release by failing to disclose his new employment and by threatening a DHHS Special Agent. Mr. Milman's bond was revoked and he was remanded to custody. (Dkt. 37).

Defendant asks for reconsideration of the order revoking release. He asks for the opportunity to apologize for the allegedly threatening statements made during his arrest. However, this request is not a proper basis for reconsideration of the Court's order. Defendant also asks for the opportunity to present the testimony of his 18 year old daughter to show that he is not a risk of flight or a danger to the community. However, such evidence does not constitute new and material information "not known to the movant at the time of the hearing", and therefore does not justify a reopening of the detention order. *18 § 3142(f)(2)(B)*. Defendant further argues that the detention order should be reconsidered because the government has failed to provide the defense with any evidence of illegal billing by the defendant since his original indictment.

However, the findings by the grand jury in returning the Superceding Indictment establish probable cause of such conduct.

### Conclusion

Defendant has not shown any basis for reconsidering the Court's order revoking bond. Therefore, the motion is denied.

The Clerk is directed to send copies of this Order via electronic notification to each of the following: to counsel for the United States, to counsel for Defendant, to the Honorable James L. Robart, and to Judge Theiler. If electronic notification is not available for a given party, the Clerk is directed to send via first-class mail a copy of this Order to that party.

DATED this 24th day of October, 2006.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
PAGE 3